# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2013

Lyle W. Cayce
Clerk

12-30562

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MAYO GERARD BARNES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana

ON PETITION FOR PANEL REHEARING

Before DAVIS, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:

In zealous defense of Appellant Mayo Gerard Barnes ("Barnes"), appointed counsel has filed a petition for panel rehearing relying on a memorandum issued by the United States Attorney General on August 29, 2013, entitled "Retroactive Application of Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases." In that memorandum, the Attorney General seeks to clarify how the prosecutorial charging policy announced in a previous August 12 memorandum, which was discussed in our panel opinion, would be imposed retroactively to cases that were charged prior

to August 12. This Court was unaware of the existence of the August 29 memo when it issued the panel opinion on September 17.

The petition for panel rehearing asserts that the August 29 memorandum provides that a valid plea agreement that was entered into prior to the new policy does not preclude a defendant from becoming a beneficiary of the new charging policy. The petition then quotes the following language from the August 29 memo: if a "defendant would not have been charged with the mandatory minimum under the new policy but previously entered a guilty plea and admitted to facts triggering a mandatory minimum, prosecutors are encouraged to seek relief from the mandatory minimum sentence." That language is indeed in the memo; however, it is set forth in the section entitled "Defendants Who Have Pleaded Guilty But Have Not Been Sentenced." Thus, because Barnes has already been sentenced that language does not apply to his case.

The petition for rehearing also points to another section of the memo that states that application of the policy "is an exercise of prosecutorial discretion over charging decisions." However, in the memo that quoted language is specifically limited to "any decision to afford relief to those already convicted but not yet sentenced." Because Barnes has already been sentenced, the language in question does not apply to his case. Moreover, in a section of the August 29 memorandum entitled "Defendants Who Have Been Sentenced," the memorandum expressly provides that: "Prosecutors should not disturb the sentence in a case in which the sentence has been imposed, whether or not the case is on direct appeal or in some other stage of post-conviction litigation." The memorandum then quotes the following language from the Supreme Court's opinion in *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012): "[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced."

Accordingly, the Attorney General's August 29 clarification memorandum does not purport to offer Barnes any relief.

The Petition for Panel Rehearing is DENIED.